UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                 Case No. 05-8099

PAUL SHELDON BUFORD,                                HON. AVERN COHN

     Defendant.

_____/

### MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 1543)

I.

This is a criminal case.  In 2010, defendant was sentenced to concurrent sentences of 240 months in prison for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(A)(ii)(I) (Count One) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956 (Count Ten).  Defendant's sentence was later reduced to 235 months.

Before the Court is defendant's motion to vacate under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  (Doc. 1543).  For the reasons that follow, the motion will be denied for lack of merit.

II.

As noted above, defendant received concurrent sentences of 240 months.  At the time of sentencing, the probation department calculated Buford's sentencing guidelines at 324 to 405 months.  This calculation was based on Buford's criminal history category of VI, which resulted from 13 criminal history points and an offense level of 39.  The

Court, however, found that a three point managerial role adjustment under § 3B1.1(b) did not apply.  With this change, defendant's guidelines range became 235 to 293 months. The Court then sentenced defendant within the guidelines range to 240 months.  Subsequently, on February 17, 2016, the Court reduced Buford's sentence to 235 months imprisonment on the drug conspiracy count based on Amendment 782 to the United States Sentencing Guidelines, which reduced most offense levels on the § 2D1.1 Drug Quantity Table by two levels.  (Doc. 1531).

III.

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

Defendant's motion is based on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  However, defendant was not sentenced under the Armed Career Criminal Act, the career offender guideline, or any other provision in the guidelines involving a crime of violence. Contrary to defendant's contention, his sentence was not enhanced by his prior carrying a concealed weapon in a vehicle conviction, which the government agrees is not a crime of violence.  Thus, the holding in Johnson does not apply to defendant.

Defendant is therefore not entitled to relief under § 2255.

IV.

For the reasons stated above, Petitioner's motion under § 2255 is DENIED.

Furthermore, reasonable jurists would not debate whether the issues deserve

encouragement to proceed further.  The Court therefore DENIES a certificate of

appealability under 28 U.S.C. § 2253(c)(2).[1]  <u>See Slack v. McDaniel</u>, 529 U.S. 473, 484

(2000).

SO ORDERED.



<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2016
        Detroit, Michigan

---

[1]The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.