UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number 05-80955

v.                                                   Honorable David M. Lawson

PAUL BUFORD,

        Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

Defendant Paul Buford has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). That statute allows the Court to modify a prison term after it has been imposed when the "term of imprisonment is based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Buford relies on Amendment 782, by which the Sentencing Commission reduced the base offense level by two levels for defendants who were convicted of certain drug trafficking offenses.

Buford pleaded guilty to conspiracy to possess with intent to distribute over 120 kilos of cocaine, in violation of 21 U.S.C. §§ 841, 848, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). He was sentenced in 2010 by the Honorable Avern Cohn to 240 months in prison. Judge Cohn calculated his guideline range at the time to be 235 to 293 months, rejecting the Probation Department's recommended range of 324 to 405 months, which included a leadership role adjustment.

The Sentencing Commission promulgated Amendment 782 on November 1, 2014. U.S.S.G. App. C., Amdt. 782 (Supp. Nov. 2012-Nov. 2016). It was made retroactive to individuals like Buford who had been sentenced under the higher offense levels. *See* U.S.S.G. App. C., Amdt. 788. The Probation Department in this district established a practice of reviewing on its own the

sentences of individuals who might be eligible for relief under the reduced guidelines. Following that practice, the Probation Department sent a recommendation to Judge Cohn indicating that "new" guideline range was 235 to 293 months (the same as Judge Cohn's original calculation). The Probation Department grouped the drug and money laundering offenses together, which had the effect of transmuting the money laundering count into the controlling count for the base level. Under that approach, the defendant did not realize any benefit from Amendment 782. *See* § 1B1.10 Report, ECF No. 1716-2, PageID.11140.

Apparently based on the probation department's recommendation, on February 17, 2016, Judge Cohn reduced Buford's sentence by five months on his own motion under 18 U.S.C. § 3582(c)(2). Almost five years later, Buford now contends that Judge Cohn erred by adopting the Probation Department's rationale when calculating the "new" guideline range. Buford contends that the money laundering guideline should not figure into the calculation, and the correct "new" range should be 188 to 245 months. Buford still relies on section 3582(c) in seeking a redo.

Buford, however, has not pointed to any authority that would allow the Court to reconsider the five-year-old ruling at this late date. Local rule 7.1(h) allows a motion for reconsideration, but such a motion "must be filed within 14 days after entry of the [challenged] judgment or order." E.D. Mich. LR 7.1(h)(1).

What Buford seeks essentially is a review of the order reducing the sentence. Judge Cohn has retired, and this case was reassigned to the undersigned. It is evident, however, that "the reassignment of a case to a different judge does not open up previous rulings in the case for wholesale reconsideration." *Murphy v. Kollar-Kotelly*, No. 07-0068, 2008 WL 899357, at *1 (M.D. Tenn. Apr. 1, 2008). A judge who has inherited a case upon reassignment is not free to reconsider a prior judge's decision "merely because he has a different view of the law or the facts

from the first judge." *Best v. Shell Oil Co.,* 107 F.3d 544, 546 (7th Cir. 1997); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (emphasizing that principles of comity and uniformity weigh against reconsidering a colleague's prior ruling).

Buford was afforded some measure of relief under 18 U.S.C. § 3582(c)(2), although not to the extent he desires. His remedy was to seek timely reconsideration or to appeal. The Court is not aware of any authority that permits it to modify a sentence a second time under that statute (or any other) based on the same guideline amendment.

Accordingly, it is **ORDERED** that the defendant's motion to reduce his sentence (ECF No. 1706) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 20, 2021